IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**DELARICK EVANS,**

                      Petitioner,

        v.                                    CASE NO.11-3070-SAC

**DAVID R. MCKUNE, et al.,**

                      Respondents.

**O R D E R**

This matter comes before the court on a pro se petition seeking relief under 28 U.S.C. § 1651, or in the alternative under 28 U.S.C. § 2241, to challenge the constitutionality of a state district court's denial of petitioner's request to be relieved of registering as a sex offender. Because petitioner essentially seeks relief from alleged constitutional error regarding the execution of his sentence, the court liberally construes this action as filed pursuant to § 2241. *See also*, *Olson v. Hart*, 965 F.2d 940, 942 (10th Cir.1992)("Federal courts have no authority to issue a writ of mandamus to a state court judge."). The court also finds a response to the petition is required.

Also before the court is petitioner's motion for seeking leave to proceed in forma pauperis under 28 U.S.C. § 1915. The court provisionally grants this motion, subject to petitioner resubmitting this request on a court approved form which incorporates an affidavit of indigence that is compliant with the requirements imposed by § 1915(a)(1). *See also* D.Kan.Rule 9.1(g)(court form to be used by prisoner seeking leave to proceed in forma pauperis).

IT IS THEREFORE ORDERED that the petition is construed by the court as seeking relief under 28 U.S.C. § 2241.

IT IS FURTHER ORDERED that petitioner's motion for leave to proceed in forma pauperis (Doc. 2) is provisionally granted, and that petitioner is granted thirty (30) days to resubmit an executed motion for in forma pauperis status on a court approved form.

IT IS FURTHER ORDERED that respondents are granted thirty (30) days to show cause why the petition for a writ of habeas corpus under 28 U.S.C. § 2241 should not be granted, and that petitioner is granted thirty (30) days after service of respondent's answer to file a response.

IT IS FURTHER ORDERED that respondents' response should present:

> (a) the necessity for an evidentiary hearing on each of the grounds alleged in petitioner's pleading; and
> (b) an analysis of each of said grounds and any cases and supporting documents relied upon by respondents in opposition to the same.

And that respondents shall cause the following to be forwarded to this court for examination and review:

> the records and transcripts, if available, of the criminal and/or post-conviction proceedings complained of by petitioner; if a direct appeal of the judgment and sentence of the trial court was taken by petitioner, respondents shall furnish the records, or copies thereof, of the appeal proceedings.

Upon the termination of the proceedings herein, the clerk of this court will return to the clerk of the proper state court all such state court records and transcripts.

IT IS FURTHER ORDERED that petitioner's motion for an evidentiary hearing (Doc. 3) is denied without prejudice.

IT IS FURTHER ORDERED that the clerk of this court is to transmit copies of this order to petitioner and to the office of the Attorney General for the State of Kansas, and is to provide petitioner with a form motion for filing under 28 U.S.C. § 1915.

**IT IS SO ORDERED.**

DATED:  This 12th day of April 2011 at Topeka, Kansas.


　　　　　　　　　　　　　　　　　　s/ Sam A. Crow
　　　　　　　　　　　　　　　　　SAM A. CROW
　　　　　　　　　　　　　　　　　U.S. Senior District Judge