IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**DELARICK EVANS,**
**aka Delarick Hunter**

                         **Petitioner,**

              v.                           CASE NO. 11-3070-SAC

**DAVID MCKUNE, et al.,**

                         **Respondents.**

### O R D E R

Petitioner Delarick Evans proceeds pro se and in forma pauperis,[1] seeking a writ of habeas corpus under 28 U.S.C. § 2241. Having reviewed the record which includes respondents' answer and petitioner's traverse, the court dismisses the petition.

### Background and Claims

In 1998, Evans entered guilty pleas to two counts of aggravated indecent liberties with a child. The sentence imposed in January 1999 included 49 months in prison, and 36 months of postrelease supervision. Pursuant to the Kansas Offender Registration Act (KORA), K.S.A. 22-4901 *et seq.*, the sentencing court required Evans to register as a sex offender for 10 years after Evans' parole, discharge or release.

In 2008, Evans sought relief from that registration

---

[1] The court granted petitioner provisional leave to proceed in forma pauperis, and directed petitioner to resubmit an executed motion for in forma pauperis status on a court approved form. Petitioner's resubmitted motion for leave to proceed in forma pauperis (Doc. 5) is granted.

requirement, claiming he had fulfilled his 10 year obligation under K.S.A. 22-4912. The state district court summarily denied the motion, finding Evans did not satisfy the statutory requirements for seeking relief under K.S.A. 22-4912 from the registration requirement. Additionally, pursuant to KORA as amended in 2007, Evans was now required to register as a sex offender throughout his lifetime. Petitioner appealed, primarily claiming the state district court erred in not granting him an evidentiary hearing on his motion. The Kansas Court of Appeals affirmed the district court's decision, finding petitioner did not satisfy the statutory criteria for seeking relief from the registration requirement, or for obtaining an evidentiary hearing on that request. *See State v. Evans*, 44 Kan.App.2d 945 (2010). The state appellate court further rejected Evans' claim that the Ex Post Facto Clause barred retroactive application of K.S.A. 22-4912 as amended in 1999. *Id*. Evans did not seek further review by the Kansas Supreme Court.

In the instant action, petitioner contends imposition of the 1999 amendments to KORA to require lifetime registration as a sex offender violated petitioner's rights under the Ex Post Facto, Bill of Attainder, and Equal Protection Clauses in the United States Constitution.

## Discussion

This court is authorized to grant federal habeas corpus relief under § 2241 only if the petitioner "shows that the execution of his sentence violates federal law of the Constitution [of the United States]." *U.S. v. Miller*, 594 F.3d 1240, 1242 (10th Cir.2010). A petitioner must fully exhaust state remedies on his claims prior to

seeking habeas corpus relief in a federal court. *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir.2000)("A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254.")(*citing Coleman v. Thompson*, 501 U.S. 722, 731 (1991)). This exhaustion prerequisite is not satisfied unless all claims asserted have been presented by "invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Significant to the instant matter, state prisoners are "requir[ed] to file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State." *Id.* at 847. Petitioner bears the burden of demonstrating that he has satisfied this exhaustion prerequisite.

Noting petitioner's failure to petition the Kansas Supreme Court for review in petitioner's state court appeal, respondents deny that petitioner has exhausted state court remedies. And, where such review by the Kansas Supreme Court is now foreclosed, respondents maintain that federal habeas review of petitioner's claims is barred by petitioner's procedural default in presenting his claims to the state courts. The court agrees.

In his traverse to the respondents' answer and return, petitioner reasserts his underlying claim that he is being unconstitutionally subjected to reporting provisions in KORA that were not in effect at the time he entered his guilty pleas in his criminal case. Viewing full exhaustion of state court remedies as a requirement imposed by the Antiterrorism and Effective Death Penalty Act in proceedings seeking federal habeas corpus relief

3

under 28 U.S.C. § 2254, petitioner contends this requirement does not apply to his § 2241 petition, thus he was not required to seek discretionary review by the Kansas Supreme Court in his state court appeal.  This contention has little merit under Tenth Circuit case law.  Although § 2241 does not itself require exhaustion of remedies, federal courts may impose that requirement as a matter of comity.  In this circuit, *Montez* has been repeatedly cited as requiring a habeas petitioner to fully exhaust state court remedies, including discretionary review by the state supreme court, whether the petitioner is proceeding under § 2254 or § 2241.  *See e.g. Wilson v. Jones,* 430 F.3d 1113, 1118 (10th Cir.2005); *Hamm v. Saffle*, 300 F.3d 1213, 1216 (10th Cir.2002).

Petitioner failed to seek discretionary review by the Kansas Supreme Court in his unsuccessful state court appeal, and does not dispute that any attempt to now do so would be procedurally barred pursuant to independent and adequate state procedural grounds. Petitioner's claims are thereby procedurally defaulted for purposes of federal habeas corpus review.  *See  Coleman*, 501 U.S. at 735, n.1; *Dulin v. Cook*, 957 F.2d 758, 759 (10th Cir.1992).

A federal court's habeas review of procedurally defaulted claims is precluded absent a showing by petitioner of cause for the default and actual prejudice as a result of the alleged violation of federal law," or a showing " that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750.  *See also Thomas v. Gibson*, 218 F.3d 1213, 1221 (10th Cir.2000).  Because petitioner fails to address or show any reason to overcome his procedural default in his state court appeal, and

4

the court finds no such showing is evident on the face of the record, the court concludes federal habeas review of petitioner's claims is barred and the petition should be dismissed.

IT IS THEREFORE ORDERED that petitioner's resubmitted motion for leave to proceed in forma pauperis (Doc. 2) is granted.

IT IS FURTHER ORDERED that the petition is dismissed because federal habeas review of petitioner's claims is barred by petitioner's procedural default in presenting his claims to the state courts.

IT IS FURTHER ORDERED that petitioner's motions regarding the status of his case (Docs. 11, 12, and 13) are thereby moot.

**IT IS SO ORDERED.**

DATED:  This 8th day of May 2012 at Topeka, Kansas.


    s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge